UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JUSTIN EDMOND,

                               Plaintiff,

    v.                                                        5:20-CV-1609 (GLS/ATB)

DET. RUDOLPH REED, et al.,

                               Defendants.

---

JUSTIN EDMOND, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint brought pursuant to 42 U.S.C. § 1983, filed by plaintiff Justin Edmond. (Dkt. No. 1). Plaintiff has also moved to proceed in forma pauperis. (Dkt. No. 2).

## I.    IFP Application

Plaintiff declares in his IFP application that he is unable to pay the filing fee. (Dkt. No. 2). After reviewing his application, this court finds that plaintiff is financially eligible for IFP status.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the

complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

## II.   Complaint

Plaintiff alleges that on April 24, 2018, defendants Onondaga County Sheriff's Detectives Reed and Kern "responded" to plaintiff's job at Aspen Athletic Club in Syracuse, New York to inquire about a burglary that allegedly took place at an address

in Camillus, New York. (Complaint ("Compl.") at CM/ECF p.5).[1] Defendants asked plaintiff if he would accompany them to the Sheriff's Headquarters to speak with detectives about the burglary. (*Id.*) When plaintiff told defendants that he wished to contact his attorney so that he could "regulate a time for questioning," the detectives grabbed plaintiff "under [his] armpits," and attempted forcefully to place him in the back seat of the unmarked police car. (*Id.*)

Plaintiff states that, after thirty seconds of pulling him and jerking his arms, defendants released their grip, but defendant Reed told plaintiff not to "'make me shoot your ass in front of all your white friends.'" (*Id.*) The defendants then grabbed plaintiff by the neck and arms and forced him into the car. (*Id.*) Plaintiff asked if he was under arrest, but neither defendant responded. (Compl. at CM/ECF p. 6). Instead, after 45 minutes of driving around with plaintiff in the back seat, defendants drove to the Onondaga County Sheriff's Headquarters, where plaintiff was handcuffed and searched by defendant Kern. (*Id.*) Plaintiff was then taken inside the building and left alone in an interview room for three hours. (*Id.*)

When defendant Reed reentered the room, he told plaintiff that defendant Detective Don Butler had "responded" to a local antique shop where the "missing heirlooms" were located. (*Id.*) Defendant Reed allegedly told plaintiff that, once the items were recovered, he would be free to go because the "victim" did not wish to press charges. (*Id.*) Defendant Reed left the room, only to return minutes later with a

---

[1] Plaintiff has written his complaint on a civil rights complaint form, but has added hand-written pages with non-consecutive numbers written on them. The court will cite to the pages that have been assigned by the court's electronic filing system, CM/ECF.

"Voluntary Affidavit" for plaintiff to sign. (*Id.*) Plaintiff states that, in reading over the affidavit, he noticed that there were "errors" in his statement, and that defendant Reed had changed "many of the details [in plaintiff's] statement to assert that [plaintiff] was guilty." (Compl. at CM/ECF p.6-7). Plaintiff refused to sign the document, but defendant Reed grabbed the pen and signed plaintiff's name to the paper. (Compl. at CM/ECF p.7).

Plaintiff states that "after a brief argument," more officers entered the room, and he was taken to the Onondaga County Justice Center for "booking." (*Id.*) While plaintiff was being booked, defendant Sheriff's Deputy L. Giles searched the plaintiff's car which had been left at Aspen Athletic Center.[2] (*Id.*) Plaintiff's gym bag and iPad were recovered from the vehicle, and plaintiff claims that his iPad was "strangely" given to the "victim" by defendant Giles. (*Id.*) Plaintiff was charged with Burglary and Grand Larceny. (*Id.*) Plaintiff was assigned Attorney Marcus Stornelli. (*Id.*) Plaintiff states that he wrote to the Honorable Thomas Miller, County Court Judge, requesting that Attorney Stornelli be relieved, and such motion was granted by Judge Miller.[3]

Judge Miller appointed defendant Timothy Roulan, Esq. as a replacement for Attorney Stornelli, but plaintiff states that he and Attorney Roulan had "disagreements from the start." (*Id.*) Plaintiff told Attorney Roulan that plaintiff was forcefully and illegally apprehended by defendants Reed and Kern, and that defendant Reed altered and signed plaintiff's "statement." (*Id.*) Plaintiff also told defendant Roulan that the

---

[2] Plaintiff states that the car was eventually returned to its registered owner. (Compl. at CM/ECF p.7). This fact does not seem to be related to the criminal charges.

[3] Plaintiff has not stated any reason for this request.

victim's statement had been altered and false information had been included in the affidavit. (Compl. at CM/ECF p.8). Plaintiff also told defendant Roulan that the defendants threatened the victim with arrest if she did not pursue charges against the plaintiff. (*Id.*) Plaintiff claims that defendant Roulan ignored all this information, and instead allowed plaintiff to be "forced into a plea allocution." (*Id.*) Defendant Roulan allegedly told plaintiff that, since he was a black man, and the victim was a successful white woman, the best "feasible position would be not to fight, but to accept a plea offer." (*Id.*)

Plaintiff states that he wrote to Judge Miller, asking that defendant Roulan be relieved. Judge Miller granted plaintiff's request and appointed Attorney Ben Cottin[4] to his defense. (*Id.*) Plaintiff states that he "eventually" pled guilty without any pretrial hearings. (*Id.*) Plaintiff claims that the "court" told him that he would face life in prison if he went to trial, and he "did not feel comfortable with any of the assigned attorneys provided." (*Id.*)

Plaintiff raises four claims: (1) he was subjected to excessive force and illegal detention by defendants Reed and Kern on April 24, 2018 in violation of his First, Fourth, and Eighth Amendment rights; (2) he was subjected to illegal search and seizure and "invasion of privacy" by defendants Giles and Butler in violation of the Fourth Amendment on April 24, 2018; (3) he was subjected to malicious prosecution by defendants Reed and Attorney Roulan in violation of his Fifth and Fourteenth Amendments; and (4) he was afforded "inefficient" legal assistance by defendant

---

[4] Attorney Cottin is not a defendant in this action.

Roulan in violation of his First, Sixth, and Fourteenth Amendment rights. (Compl. at CM/ECF pp.9-10). Plaintiff seeks four million dollars in damages. (Compl. at CM/ECF p.9). Based on the above summary of plaintiff's complaint, this court will conduct an initial review of plaintiff's claims.

## III.  Excessive Force/Illegal Detention

After reviewing plaintiff's allegations, this court finds that plaintiff's claims of excessive force and illegal detention or false arrest may proceed past initial review and will require a response from defendants Reed and Kern. However, plaintiff may not base these claims on either the First or the Eighth Amendments. Claims of excessive force under the circumstances described by plaintiff are properly brought under the Fourth Amendment and judged by the reasonableness of the "seizure." *See Graham v. Connor*, 490 U.S. 386, 393-97 (1989). The Eighth Amendment is not applicable. *Id.*

Claims of false arrest or illegal detention are also brought under the Fourth Amendment.[5] *Bryant v. City of New York*, 404 F.3d 128, 135-36 (2d Cir. 2005) (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion)). The Fourth Amendment is the constitutional source of protection against both false arrest and malicious prosecution. *See id.*, 404 F.3d at 136 (analyzing both false arrest and malicious prosecution claims under the Fourth Amendment, rather than the Fourteenth Amendment). Thus, the court will interpret plaintiff's complaint as raising his

---

[5] The elements of a false arrest claim under section 1983 substantially overlap with, and borrow the essential elements of, a false arrest claim under New York state law. *Roberts v. City of New York*, No. 16 Civ. 5409 (BMC), 2017 WL 4357291, at *4 (E.D.N.Y. Sept. 29, 2017).

constitutional claims under the appropriate amendments.[6]

In his complaint, plaintiff alleges that defendants Reed and Kern came to plaintiff's place of work and used excessive force in attempting to detain him and bring him to the police station for questioning after plaintiff asked to call his attorney before answering any questions. Plaintiff states that, after he was driven around for 45 minutes, he was ultimately taken to the police station, handcuffed, and kept there for several hours, even after having answered the officers' questions. (Compl. at 5-6). For a more detailed description of these facts, reference is made to the complaint herein.

## IV.  Illegal Search and Seizure/Invasion of Privacy

Plaintiff also alleges that on the same day that he was arrested, his car was illegally searched by defendant Deputy Giles, plaintiff's personal items were taken, and the car was returned to the individual to whom it was registered. (Compl. at 7). Illegal search and seizure claims are also properly brought under the Fourth Amendment. Plaintiff has raised the appropriate basis in his claims for relief. (Compl. at 9) ("Second Claim"). In plaintiff's Second Claim, he also names "Det. D. Butler" as a defendant. However, in the body of the complaint, plaintiff alleges only that defendant Butler located the allegedly stolen "heirlooms" at an antique shop. (Compl. at 6). There is no indication that defendant Butler was involved in the allegedly illegal search and seizure or any other of plaintiff's alleged constitutional violations. Thus, the complaint may be dismissed without prejudice as to Det. D. Butler. After reviewing plaintiff's complaint,

---

[6] A pro se complaint is interpreted as raising the strongest arguments it suggests. *Gause v. Claude*, No. 20-CV-4148 (JMA/SIL), 2021 WL 25356, at *2 (E.D.N.Y. January 4, 2021) (citing inter alia *United States v. Akinrosotu*, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam)).

this court finds that plaintiff's claim of illegal search and seizure/invasion of privacy[7] may proceed and an answer required from defendant Giles.

## V. Malicious Prosecution

Section 1983 malicious prosecution claims are brought pursuant to the Fourth Amendment. *Barnes v. City of New York*, No. 18-CV-7119 (AJN), 2020 WL 6947424, at *5 (S.D.N.Y. Nov. 25, 2020) (citing *Coleman v. City of New York*, 688 F. App'x 56, 57 (2d Cir. 2017) ("[A] malicious prosecution claim brought under § 1983 is grounded in the Fourth Amendment") (citing *Albright v. Oliver*, 510 U.S. 266, 274-75 (1994)); *Murphy v. Lynn*, 118 F.3d 938, 944 (2d Cir. 1997) ("[i]n order to prevail on such a claim under § 1983, the plaintiff must show a violation of his rights under the Fourth Amendment") (citing *Albright*, 510 U.S. at 274-275)).

In this case, plaintiff cites the Fifth and Fourteenth Amendments, but the court will liberally construe plaintiff's complaint as bringing his claim for malicious prosecution under the Fourth Amendment. *See McLeod*, 864 F.3d at 156.  In order to prevail on a constitutional claim for malicious prosecution, plaintiff must establish the elements for malicious prosecution under New York State law. *Manganiello v. City of New York*, 613 F.3d 149, 160-61 (2d Cir. 2010) (citing inter alia *Murphy v. Lynn*, 118 F.3d 938, 944 (2d Cir. 1997); *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995)).  To establish a claim for malicious prosecution under New York law, the plaintiff must

---

[7] The court assumes that plaintiff is attempting to raise a supplemental state law claim of invasion of privacy in conjunction with his constitutional search and seizure claim under 28 U.S.C. § 1367(c).  Because the court finds that plaintiff's search and seizure claim should survive initial review as against at least one of the defendants, I make no ruling regarding the merits of the supplemental state law claim.

8

show: (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions. *Id.* (citing inter alia *Murphy v. Lynn*, 118 F.3d at 947; *Broughton v. State*, 37 N.Y.2d 451, 457 (1975)).

In this case, plaintiff states that he pled guilty to criminal charges.[8] However, plaintiff does not state that those charges have "terminated in his favor." Thus, he cannot establish malicious prosecution on the face of the complaint, and any such claims may be dismissed. Plaintiff appears to now argue that he had no choice but to plead guilty because he was told that he would face a great deal of prison time if he was convicted after trial, because the defendant officers altered his original statement, and because his attorney(s) were ineffective. However, to the extent that he challenges his plea, his conviction, his counsel, or the defendants' actions in obtaining that conviction, he may not do so in a civil rights proceeding until he has obtained reversal of that conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thus, this court must recommend dismissal of plaintiff's malicious prosecution claim.[9]

---

[8] Plaintiff states that he was charged with burglary and grand larceny, but he does not specify if pled guilty to those, or to reduced charges as part of his plea agreement. (Compl. at 7-8).

[9] *Heck* would not apply to bar plaintiff's false arrest claim or search and seizure claims if a decision in his favor on either claim would not imply the invalidity of his conviction. *See Heck*, 512 U.S. at 487 & n.7 (explaining that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction" because of doctrines like independent source, inevitable discovery, and harmless error). In this case, plaintiff's search and seizure and false arrest claims do not necessarily relate to his ultimate guilty plea, and therefore, I will not recommend dismissal on initial review. I make no findings regarding the ultimate merits of any such claims, particularly because there are insufficient facts regarding the status of plaintiff's criminal proceedings.

## VI.  Ineffective Counsel

Plaintiff has named his second of three attorneys as a defendant–Timothy Roulan, Esq.  Plaintiff alleges that he told defendant Roulan about the "malicious acts" of defendant Reed, including defendant Reed's alleged alteration and signing of the plaintiff's statement. (Compl. at 7).  Plaintiff states that he also told Mr. Roulan that the "victim" had contacted the court to complain that her statement had been altered, and that she was being threatened with arrest if she did not press charges against the plaintiff. (Compl. at 8).

Plaintiff claims that defendant Roulan "displayed dreadful counsel" and advised plaintiff that his "best feasible position" was to "accept a plea offer." (*Id.*)  However, plaintiff states that he wrote to the trial judge and was able to obtain new counsel. (*Id.*)  Plaintiff did not plead guilty while represented by defendant Roulan.  In any event, in to state a claim under section 1983, the defendant must act "under color of state law." *O'Donoghue v. United States Social Security Administration*, 828 F. App'x 784, 787 (2d Cir. 2020) (citation omitted).  Regardless of counsel's actions, plaintiff may not sue him in a section 1983 action because defense attorneys, appointed or retained, do not act under color of state law for purposes of the civil rights statute. *See id.* (private attorneys, including court-appointed attorneys performing a lawyer's traditional functions as counsel to a defendant, are generally not state actors for purposes of section 1983) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)).  Thus, plaintiff's complaint may be dismissed in its entirety as against defendant Roulan.

## VII.  Opportunity to Amend

10

### A.   Legal Standards

Generally, before the court dismisses a pro se complaint or any part of the complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B.   Application

In this case, although I find that plaintiff's excessive force/false arrest and search and seizure claims may survive initial review,[10] I am recommending dismissal of the complaint in its entirety as against defendants Roulan and Butler. I am also recommending dismissal of any malicious prosecution claims against any of the remaining defendants. The remaining claims are as follows: (1) excessive force/false arrest against defendants Reed and Kern; and (2) illegal search and seizure/invasion of privacy against defendant Giles.[11]

Although the court is recommending dismissal of plaintiff's malicious

---

[10] Even though I find that certain claims should survive initial review, I make no findings regarding whether the claims could survive properly supported dispositive motions.

[11] If defendant Butler was somehow involved in the illegal search and seizure, plaintiff could amend his complaint to allege these facts. He would have to allege that defendant Butler was personally involved in any alleged constitutional violation. *See Tangreti v. Bachmann*, No. 19-3712, __ F.3d __, 2020 WL 7687688, at *4-6 (2d Cir. Dec. 28, 2020). However, plaintiff should not submit any amended complaint until the court has the opportunity to rule on this recommendation. If plaintiff does not object to the recommendation, he may inform the court that he does not object, and the case will be sent back to me for an order to serve the remaining defendants.

prosecution claims without prejudice, an amendment would be futile unless the plaintiff can show that the criminal proceeding has been terminated in his favor, which apparently has not happened at this time. Plaintiff may not sue his attorney in federal court under section 1983, and thus, any attempt to amend his ineffective-assistance-of-counsel claims would be futile because the court lacks jurisdiction over such an claim. However, the court is constrained to dismiss this claim without prejudice to plaintiff bringing an action against Attorney Roulan in whatever other venue may be appropriate. Nonetheless, plaintiff should be denied leave to amend the ineffective-assistance claim in this action.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED**,[12] and it is

**RECOMMENDED**, that the complaint be **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE BUT WITHOUT THE OPPORTUNITY TO AMEND**, as to **DEFENDANT ROULAN**, and it is

**RECOMMENDED**, that the complaint be **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE BUT WITH THE OPPORTUNITY TO AMEND** as against **DEFENDANT BUTLER** if plaintiff can show personal involvement of this defendant in any of the remaining constitutional claims, and it is

**RECOMMENDED**, that plaintiff's claims of **MALICIOUS PROSECUTION**

---

[12] The court notes that although plaintiff's application to proceed IFP has been granted, plaintiff will still be required to pay fees that he may incur in the future regarding this action, including, but not limited to, copying and/or witness fees.

**BE DISMISSED WITHOUT PREJUDICE, BUT WITHOUT THE OPPORTUNITY TO AMEND** unless the plaintiff can document that the criminal proceeding has been terminated in his favor, and it is

**RECOMMENDED**, that if the District Judge adopts this recommendation, plaintiff be given forty-five (45) days to amend his complaint to the extent authorized, and that plaintiff be advised that any amended pleading must be a **COMPLETE PLEADING, WHICH WILL SUPERCEDE THE ORIGINAL**, and that plaintiff must include all the remaining facts and causes of action in the amended complaint. **No facts or claims from the original complaint may be incorporated by reference**, and it is

**RECOMMENDED**, that if the District Court adopts this Recommendation, and plaintiff does not elect to amend his complaint, the case be returned to me for any orders relating to service of the complaint on the remaining defendants, and it is

**RECOMMENDED**, that if the court adopts this recommendation, and plaintiff files a proposed amended complaint, the proposed amended complaint be returned to me for review of the amended complaint and any further orders relating to service on the defendants, and it is

**ORDERED**, that while plaintiff may file objections to this Order and Report-Recommendation, before plaintiff submits any amended pleading, he should wait for the District Court to rule on the above Orders and Recommendations.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.

Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: January 11, 2021

*[signature]*
Andrew T. Baxter
U.S. Magistrate Judge